# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 12, 2010

Charles R. Fulbruge III
Clerk

No. 09-50486
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS CRUZ-MIRANDA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-3467-1

Before GARZA, DENNIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jesus Cruz-Miranda appeals the 21-month sentence imposed upon him following his guilty plea conviction of illegal reentry of a previously deported alien, arguing that his sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). He contends that his sentence fails to account for his personal history and characteristics, namely, the benign reasons why he reentered the United States. He further contends that his sentence is greater than necessary to deter him

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from illegally reentering the United States again and to protect the public from him and his future crimes.

Because Cruz-Miranda did not object that the sentence imposed by the district court was substantively unreasonable, our review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

The district court considered and rejected Cruz-Miranda's request for a sentence at the low end of the advisory guidelines range. The district court instead imposed a sentence at the high end of a correctly calculated guidelines range given that Cruz-Miranda had continued to illegally reenter the United States. The district court specifically noted that it had considered the facts and circumstances of the case in light of the § 3553(a) factors. Cruz-Miranda's argument is insufficient to overcome the presumption of reasonableness afforded his within-guidelines sentence. *See, e.g.*, *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008).

Because Cruz-Miranda has not shown that the sentence imposed was unreasonable, much less plainly erroneous, his sentence is AFFIRMED.